**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP**
**Keith A. Loughlin, Esq. (KL-9874)**
33 Washington Street
Newark, New Jersey 07102
Tel: (973) 624-0800
Fax: (973) 624-0808
Attorneys for Defendant Applica Consumer Products, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NCO FINANCIAL SYSTEMS, INC., a Pennsylvania Corporation. | CIVIL ACTION NO. |
| Plaintiff, | 06-3776 (FSH) |
| v. | **NOTICE OF REMOVAL OF A CIVIL ACTION** |
| APPLICA CONSUMER PRODUCTS, Inc., ABC, Inc., A Fictitious Corporation, ABC Company, A Fictitious Partnership, and John Doe, A Fictitious Name, | |
| Defendants. | |

**TO:   THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY:**

**PLEASE TAKE NOTICE,** that pursuant to 28 U.S.C. § 1446 (a), Defendant Applica Consumer

Products, Inc., by and through its undersigned attorneys Wilson, Elser, Moskowitz, Edelman &

Dicker, LLP, on this date have filed this Notice of Removal of a Civil Action from the Superior

Court of New Jersey, Law Division, Bergen County, to the United States District Court for the

District of New Jersey, Newark, New Jersey together with all process, pleadings, and Orders, as

required by 28 U.S.C. § 1446 (a), copies of which are attached hereto, and made part hereof

respectfully shows:

1.    On July 20, 2006, Plaintiffs, NCO Financial Systems, Inc. filed a civil action before the Superior Court of New Jersey, Law Division, Bergen County, bearing Docket No. BER-L-5350-06, entitled *NCO Financial Systems, Inc. a Pennsylvania Corporation v. Applica Consumer Products, Inc., ABC, Inc., A Fictitious Corporation, ABC Company, A Fictitious Partnership, and John Doe, A Fictitious Name.*   [*See* true and exact copies of the Summons, and Complaint, filed June 20, 2006, annexed hereto as Exhibit "A."]

2.    The territory assigned to the United States District Court for New Jersey under 28 U.S.C. Section 110 embraces Bergen County.

3.    Applica Consumer Products, Inc. was served with the Summons and Complaint on August 1, 2006.

4.    Plaintiff's Complaint alleges that plaintiffs sustained property damage as a result of a fire allegedly caused by a defective product(s). [*See* Exhibit A, ¶¶ 7 and 8] The amount in controversy between the parties in this matter is in excess of $75,000, exclusive of interest and costs, as Plaintiff alleges that its insured, John Wiggins and Wilhelmina Wiggins, sustained substantial property damage in the subject incident which resulted in a total loss of their dwelling and the contents contained therein, a fair market value of $118,823.493. [*See* Exhibit A.]

5.    Removal of this lawsuit from the Superior Court of the State of New Jersey, Bergen County, to this Honorable Court is appropriate because this Court has original jurisdiction of the claims set forth in the Complaint. 28 U.S.C. § 1441(a).

6.    This Court has original diversity jurisdiction over the instant action pursuant to 28 U.S.C. § 1332 as a suit between corporations of different states where the matter in controversy allegedly exceeds $75,000.00.

2

a.    As alleged in the Complaint, plaintiff is a corporation incorporated under the laws of the State of Pennsylvania with its principal place of business in Ramsey, New Jersey.

b.    Pursuant to 28 U.S.C. § 1332(c)(1), Defendant Applica Consumer Products, Inc. is and, at all relevant times, has been a corporation incorporated under the laws of the State of Florida with its principal place of business in Miramar, Florida.

c.    Pursuant to 28 U.S.C. § 1441(a), for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded.

d.    The amount in controversy in this action exceeds 28 U.S.C. § 1332's $75,000.00 jurisdictional limit based upon plaintiff's allegations of substantial property damage in the subject incident which resulted in a total loss of their dwelling and the contents contained therein, a fair market value of $118,823.493. [*See* Exhibit A, ¶ 9.]

7.    The 30-day period within which defendant may petition this court for removal under 28 U.S.C. 1446(b) has not yet expired.  Therefore, this Notice is timely under 28 U.S.C. §1446(b).

8.    As the amount in controversy allegedly is greater than $75,000, and plaintiff and defendant are citizens of different states, the court has original (diversity) jurisdiction over this case under 28 U.S.C. § 1332.

9.    Applica Consumer Products, Inc. does not waive any objections, exceptions, or defenses to plaintiffs' Complaint.

10.    Upon filing the within Notice of Removal in the office of the Clerk of the United States District Court for the District of New Jersey, the Defendant also filed copies of this Notice with the Clerk of the Superior Court of New Jersey, Law Division, Bergen County, to effect removal of this action to the United States District Court pursuant to 28 U.S.C. § 1441 and U.S.C. §

3

1446(b).  [A true and exact copy of the Notice filed with the Superior Court of New Jersey is annexed hereto as Exhibit B].

11.      Applica Consumer Products, Inc. has not previously sought to remove this action.

WHEREFORE, Applica Consumer Products, Inc. prays that given that the statutory requirements having been met, that the above-captioned action now pending in Superior Court of New Jersey, Law Division, Bergen County, be removed therefrom to this Court.

**WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP**
Attorneys for Defendant Applica Consumer Products, Inc.

By:      _____
         Keith A. Loughlin, Esq.

DATED:  August 9, 2006

4